# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

TRIO REALTY, INC.
      Plaintiff
         **v.**

                                            **Civil No. 01-2718(SEC)**

EL DORADO HOMES, INC., et al.
      Defendants

# O R D E R

| MOTION | RULING |
|---|---|
| **Docket # 140 Defendants' Motion to Inform and Requesting Order for Costs**<br><br>**Docket # 142 Defendants' Motion for Costs** | **GRANTED in part**. Defendants filed a motion requesting the imposition of Mr. Sewnarine's travel costs and expenses to Plaintiff Trio Realty due to the last minute cancellation of his deposition scheduled for January 13, 2006 (Dockets ## 140 & 142). Third Party Defendant Julio Gil De La Madrid opposed said motion (Docket # 146) and Trio Realty joined (Docket # 152). Defendants replied (Docket # 149).<br><br>   The continuation of this deposition was requested by Trio Realty and scheduled by the parties to be held in Puerto Rico on January 13. After all travel arrangements were made, the day before the deposition, Trio Realty informed Defendants that the deposition would not take place. Defendants then sought intervention from the Court, which issued an order stating **in no uncertain terms** that the deposition was to take place as scheduled or Trio Realty would forever waive its right to take the deposition and would face the imposition of all travel costs related to this deposition. See Docket # 136.<br><br>   What happened next is disputed, except for the following: Trio Realty's attorney does not deny that she told Defendants' attorney in the morning of January 13 that the deposition was cancelled; Defendants' attorney proceeded to tell Mr. Sewnarine that he would not be needed for the morning and could go sightseeing; Atty. Gil was ready to take Mr. Sewnarine's deposition at his office that morning; the deposition was not taken because Mr. Sewnarine had been told it was cancelled and could not be reached; the Court again ordered the parties to take the deposition prior to January 20 (Docket # 141); Trio Realty never requested to take Mr. Sewnarine's deposition again.<br><br>     All the foregoing might, or might not, have been the result of a breakdown in the communication among attorneys. However, the fact of the matter is that Trio Realty was ordered to take the deposition by January 13 and it failed to do so. Additionally, Trio Realty's attorney has not denied her role in initiating a chain of events (twice expressing her decision to cancel the deposition notwithstanding the Court's orders to the contrary) which led to the unnecessary travel expenses incurred by Mr. Sewnarine. That Atty. Gil was not on board with Atty. González's decision to cancel is of no consequence since Atty. González is the legal representative for Trio Realty. As such, Defendants' motion is **GRANTED in part**. Trio Realty is **ORDERED** to pay Mr. Sewnarine $662.62 incurred in travel expenses within the next ten (10) days. However, given that Atty. Peters traveled to Puerto Rico to take Atty. Gil's deposition on the same date, the Court will not impose the costs of her plane ticket on Trio Realty. |

| MOTION | RULING |
|---|---|
| **Docket # 150 Motion Requesting Entry of Default** | **DENIED**. Given that the entry of default is an extreme sanction and that La Mina has already answered, we will refrain from entering default at this juncture. |
| **Docket # 157 Motion for Leave to Reply to La Mina's Response to Defendants' Urgent Motion to Compel** | **GRANTED**. |
| **Docket # 162 Motion to Withdraw Docket # 159**<br><br>**Docket # 159 Motion for Reconsideration** | **GRANTED**. Motion in Docket # 159 will be **STRICKEN** from the record. |
| **Docket # 160 Motion for Sanctions** | **GRANTED**. The Court ordered Atty. Gil to produce his tax returns for the years 1997 through 2005 to Defendants by February 14, 2006 or face the imposition of sanctions (Docket # 154). The Court ordered so because Defendants had requested Trio Realty's tax returns from 1997 through 2005 **prior to the closing of discovery** and Trio Realty alleged to have lost or destroyed the same. Therefore, given that Atty. Gil was the sole owner and shareholder of Trio Realty and Trio Realty claims not to have been paid certain brokerage commissions by Defendants, the income tax returns are relevant and necessary for Defendants' defense. Atty. Gil did not comply with the Court's order and instead filed a motion for reconsideration (Docket # 161). Atty. Gil was forewarned that failure to comply with the Court's order would result in the imposition of sanctions. He can not now seek refuge on the filing of a belated motion for reconsideration. Accordingly, Defendants' motion for sanctions is **GRANTED**. Atty. Gil is hereby **sanctioned in the amount of $500.00 for his failure to comply with the Court's order**. The money shall be deposited with the Clerk of the Court no later than **April 10, 2006**. In addition, Atty. Gil is **ORDERED** to produce the requested tax returns by **April 10, 2006**. **Failure to do so will result in dismissal with prejudice of ALL of his and Trio Realty's claims in this case.** Once Defendants receive said documents from Atty. Gil, they may seek leave from the Court, prior to **April 17, 2006**, to supplement their motion for summary judgment or their opposition to Trio Realty's and/or Atty. Gil's motions for summary judgment. |

| MOTION | RULING |
|---|---|
| **Docket # 161 Motion for Reconsideration on Order of Tax Returns** | **DENIED**. <u>See</u> Ruling in Docket # 160. |
| **Docket # 164 Motion for Leave to File Document** | **GRANTED**. |
| **Docket # 165 Motion Requesting Deposit Order** | **DENIED**. Trio Realty has requested that the Court order El Dorado Homes, Inc. to deposit an unspecified amount of money with the Clerk of the Court to preserve the same (Docket # 165). Defendants have filed an opposition (Docket # 188). Trio Realty does not specify the amount requested, nor does it offer any legal basis for said request. As such, Trio Realty's request is **DENIED**. |
| **Docket # 171 Motion Submitting Statement of Uncontested Facts**<br><br>**Docket # 172 Motion Submitting Statement of Uncontested Facts** | **NOTED**. |
| **Docket # 173 Motion to Strike Statements of Fact Not Supported by Specific Citation** | **HELD IN ABEYANCE**. Trio Realty has filed a motion seeking that the Court strike certain facts in Defendants' statement of uncontested facts for being unsupported by proper citations of the evidence on the record (Docket # 173). Defendants' have filed an opposition thereto (Docket # 189). The Court will not strike any facts at this juncture. It will, however, per Local Rule 56(c) ignore any unsupported facts when ruling on the pending motions for summary judgment. |
| **Docket # 175 Defendants' Motion for Brief Extension of Time** | **GRANTED and MOOT**. The Court does not see the prejudice in allowing Defendants two (2) additional days to file their opposition, especially in light of the prejudice which would be suffered by Defendants should Trio Realty's and Atty. Gil's motions for summary judgment be adjudicated as unopposed. |

| MOTION | RULING |
|---|---|
| **Docket # 178 Notice of Partial Voluntary Dismissal** | **NOTED**. Partial Judgment shall be entered accordingly. |
| **Docket # 181 Motion Submitting Amended Opposition To Summary Judgment** | **NOTED and GRANTED**. |
| **Docket # 185 Motion Submitting Statement of Contested Facts** | **NOTED**. |
| **Docket # 186 Objection to Defendants' Motion to Strike Third Party Defendant Motion for Summary Judgment**<br><br>**Docket # 194 Defendants' Opposition** | **NOTED and GRANTED**. Atty. Gil has filed a motion objecting to Defendants' request for a brief extension of time and opposing Defendants' request to strike his motion for summary judgment for failure to file a separate statement of uncontested facts (Docket # 186). Defendants have clarified, however, that they did not file a motion to strike but merely opposed Atty. Gil's motion for summary judgment (Docket # 194). Atty. Gil's opposition to the extension of time is **NOTED and MOOT**. His request that he be allowed to incorporate by reference Trio Realty's Statement of Uncontested Facts in Docket # 170 is **GRANTED** since, at this juncture, no prejudice will be suffered by Defendants as a result thereof. **However, the Court will only consider those facts in Trio Realty's statement which support Atty. Gil's arguments in his motion for summary judgment and will, naturally, consider the arguments in opposition raised by Defendants in Docket # 183**. |
| **Docket # 187 Motion to Strike Defendants' Reply Brief** | **DENIED.** See Ruling in Docket # 175. |
| **Docket # 190 Motion Requesting Judicial Notice** | **NOTED**. |

| MOTION | RULING |
|---|---|
| **Docket # 192 Motion for Leave to File Reply** | **GRANTED**. |
| **Docket # 193 Motion for Leave to File in Excess Pages** | **GRANTED**. |
| **Docket # 196 Defendants' Motion Requesting Order** | **MOOT and GRANTED**. Defendants' request that the Court issue a ruling as to Atty. Gil's failure to comply with the Court's order in Docket # 154 and as to La Mina's failure to comply with the Court's order in Docket # 147. The Court has already issued a ruling above sanctioning Atty. Gil for his lack of compliance, as such, Defendants' request is now **MOOT**. <br><br> As to La Mina's lack of compliance with the Court's Order in Docket # 147 instructing La Mina to produce the discovery requested by February 10, 2006, Defendants' request for sanctions is **GRANTED**. Atty. Ceballos-Columna is hereby **sanctioned in the amount of $500.00 for his failure to comply with the Court's order**. The money shall be deposited with the Clerk of the Court by no later than **April 10, 2006**. In addition, Atty. Ceballos-Columna is **ORDERED** to produce all the requested documents (see Docket # 143, Ex. A) by **April 10, 2006**. **Failure to do so will result in the entry of default against La Mina on ALL the claims pending against it.** These documents will be provided to Counsel for El Dorado Homes only. Counsel is **ORDERED** to keep these documents confidential and use the same solely for the purpose of this litigation. Once Defendants receive said documents, they may seek leave from the Court, prior to **April 17, 2006,** to supplement their motion for summary judgment or their opposition to Trio Realty's and/or Atty. Gil's motions for summary judgment. |
| **Docket # 197 Motion for Leave to File Reply** | **GRANTED**. |
| **Docket # 198 Motion Submitting Reply** | **NOTED**. |

DATE:   April 3, 2006

S/ Salvador E. Casellas
SALVADOR E. CASELLAS
U.S. Senior District Judge